IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

| | |
|---|---|
| CELESTE PROULX, CONSERVATOR OF<br>ALEXA PROULX, WARD | **PLAINTIFF** |
| | CAUSE NO: 20-122-PCS |
| FEDEX GROUND PACKAGE SYSTEM, INC.,<br>TLC TRUCK EXPRESS, INC., THOMAS A. BANKS<br>and JARED A. PARKS | **DEFENDANTS** |

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff Celeste M. Proulx, Conservator of Alexa Proulx, Ward, by and through counsel files this her Complaint against FedEx Ground Package System, Inc., TLC Truck Express, Inc., Thomas A. Banks and Jared A. Parks, and in support would show unto this Honorable Court the following facts and matters, to-wit;

PARTIES

1. Petitioner Celeste M. Proulx is an adult resident citizen of Hancock County, Mississippi and is the duly appointed Conservator of Alexa Proulx, Ward.

2. Defendant Jared A. Parks is an adult resident citizen of Hancock County, Mississippi and may be served with process at 3059 Washington Street Bay St. Louis, MS 39520 or wherever he may be found.

3. Defendant FedEx Ground Package System, Inc. ("FedEx") is a corporation organized in the State of Delaware and transacting business in the State of Mississippi at all times relevant and may be served with process through its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**EXHIBIT A**

4. Defendant TLC Truck Express, Inc. ("TLC") is a corporation organized in the State of Louisiana and transacting business in the State of Mississippi at all times relevant and may be served with process through its registered agent Mr. Gary Gambel, TLC Truck Express, Inc., 200 W. Thomas Street, Hammond, LA 70401.

5. Defendant Thomas A. Banks ("Banks") is upon information and belief, an adult resident citizen of the State of Louisiana and may be served with process at 506 Haskin Street, Hammond, LA 70401-4818 or wherever he may be found.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Miss. Const. Art. 6 § 156 and Miss. Code Ann. § 9-7-81.

7. Venue is appropriate under Miss. Code Ann. § 11-11-3 as the events giving rise to the claims occurred in Pike County, MS.

## FEDEX DEFENDANTS

8. Defendants FedEx Ground Package System, Inc. and TLC Truck Express, Inc., are interstate common carriers.

9. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR", are applicable to this case and FedEx, TLC Express, Inc and Thomas Banks (collectively referred to as the "FedEx Defendants") were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

10. Defendant TLC Express, Inc., is the owner of the tractor operated by Thomas A. Banks involved in the subject collision.

2

11. Upon information and belief, at the time of the collision Defendant Thomas A. Banks was an employee and/or agent of Defendant TLC Express, Inc.

12. At all times relevant, Defendant TLC leased Banks and the subject tractor to Defendant FedEx.

13. At all times relevant, Defendants FedEx and TLC were acting by and through their employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

14. At all times relevant hereto, the FedEx Defendants were acting in a joint enterprise.

## FACTS

15. All preceding statements of Plaintiffs' complaint is incorporated herein and re-alleged as if expressly set forth herein.

16. On October 9, 2019, Defendant Banks, an employee of TLC, was driving Northbound on Interstate 55 near Exit 8 in rural Pike County, Mississippi in a tractor-trailer owned by TLC and leased by FedEx.

17. Defendant Banks had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads and highways.

18. At the same time and place, Alexa Proulx was a passenger on a motorcycle being operated by Jared Parks northbound on Interstate 55 near Exit 8 in rural Pike County.

19. Defendant Parks had a duty to maintain the motorcycle in such a manner to ensure the safety of his passenger, Alexa Proulx.

20. As the motorcycle on which Alexa Proulx was a passenger was traveling on the interstate, it was struck from behind by the tractor-trailer driven by Banks.

21. Defendant Banks failed to see the motorcycle in front of him and violently smashed into the rear of the motorcycle causing Alexa Proulx and Jared parks to be ejected from it.

22. In the moments immediately preceding the collision, Banks was exceeding the posted speed limit and had fallen asleep.

23. Defendant Banks was driving carelessly and recklessly and failed to exercise due care while operating his vehicle.

24. Defendant Parks was operating the motorcycle on which Alexa Proulx was a passenger in a negligent manner and failed to exercise due care for the safety of Alexa Proulx.

25. The collision was proximately caused by the negligence of the Defendants.

26. Alexa Proulx was severely injured as a result of the collision.

COUNT I-NEGLIGENCE AND GROSS NEGLIGENCE OF THOMAS A. BANKS

27. All preceding statements and allegations of Plaintiff's complaint are incorporated herein and realleged as if expressly set forth herein.

28. At the time of the collision, Defendant Banks failed to exercise due care by driving the tractor-trailer carelessly and erratically, failing to observe the speed limit, falling asleep while operating the tractor-trailer, driving in a reckless manner, improperly following too close, and disregarding the actual and potential hazards then existing on the roadway.

29. The tractor-trailer driven by Defendant Banks was driven with the permission and at the direction of Defendants, FedEx and TLC.

30. Upon information and belief, the tractor-trailer driven by Defendant Banks was driven in the course and scope of his employment with the business of Defendants FedEx and TLC.

31. In order to put the matter at issue, Plaintiff alleges that FedEx and TLC were negligent in the maintenance of the tractor-trailer and in the hiring, supervision, training and retention of Defendant Banks and are responsible for negligent entrustment of their tractor-trailer to his care, and these acts of negligence, combined and concurring with the other acts of negligence of the Defendants, proximately resulted in the damages to the Plaintiff.

32. At the time and place of this collision, Defendant Banks was generally negligent and/or grossly negligent under the circumstances then and there existing in the following particulars:

    a. Falling asleep while operating his vehicle;

    b. Failing to keep his vehicle under control;

    c. Failing to keep a proper lookout;

    d. Failing to time apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicle in front of him;

    e. Failing to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the collision;

    f. Failure to stop with the flow of traffic;

    g. Failure to keep a safe and reasonable distance between the motorcycle he was following and his tractor-trailer (following too closely);

    h. Operated his vehicle at an excessive speed;

    i. Failed to yield the right of way;

    j. Failing to inspect his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

k. Failing to operate his vehicle in a manner considerate of the safety and lives of the other person lawfully on the road;

l. Driving in a reckless manner;

m. Such other actions or inactions that may be shown at a hearing of this cause.

33. Banks' negligence proximately caused the collision with Jared Parks' motorcycle on which Alexa Proulx was a passenger and resulted in damages and injuries to her.

34. At the time and place of this collision the Defendant Banks was negligent *per se* in that he was violating one or more of the statutes of the State of Mississippi; to include but not be limited to:

a. M.C.A. § 63-3-201

b. M.C.A. § 63-3-313

c. M.C.A. § 63-3-505

d. M.C.A. § 63-3-609

e. M.C.A. § 63-3-619

f. M.C.A. § 63-3-1201

g. M.C.A. § 63-3-1213

35. Defendant Banks was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by Mississippi law at the time and date of the collision.

36. The Defendants will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

a. §383 Commercial Drivers' License Standards

      b. §390 General

      c. §391 Qualifications of Drivers

      d. §392 Driving of Commercial Motor Vehicles

      e. §393 Parts and Accessories Necessary for Safe Operation

      f. §395 Hours of Service

      g. §396 Inspections, Repairs, and Maintenances

37. Defendant Banks will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

38. The negligence of Defendant Banks was a proximate cause of the injuries sustained by Alexa Proulx.

39. As a result of the negligence of the Defendant Banks, Alexa Proulx has incurred past, present and future medical expenses for her injuries.

40. As a result of the negligence, and negligence *per se*, of the Defendant Banks Alexa Proulx suffered the loss of past, present and future wages and/or income and other economic loss.

41. Alexa Proulx has suffered other economic and non-economic losses as may be shown at the trial of this matter.

COUNT II – NEGLIGENCE OF TLC:
NEGLIGENT HIRING, TRAINING, ENTRUSTMENT,
SUPERVISION, RETENTION AND MAINTENANCE

42. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

43. Defendant TLC is the registered owner of U.S. DOT number 2638728 displayed on the tractor involved in this wreck. Said tractor with driver was leased to FedEx and FedEx is therefore responsible for the acts of the driver of that vehicle.

44. Regardless of the employment relationship, TLC is the registered owner of U.S. DOT number 2638728, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

45. Regardless of the employment relationship, TLC employed Defendant Banks and is therefore responsible for his acts.

46. At all times relevant to this cause of action, Defendants FedEx, TLC and Banks were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR)(49 CFR §§ 301-399), either directly or as adopted by Mississippi law.

47. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

   a. § 390 General

   b. § Driving of Commercial Motor Vehicles

   c. § Parts and Accessories Necessary for Safe Operation

   d. § Hours of Service

   e. §Inspection, Repair, and Maintenance

48. Defendant TLC was required to teach and train Banks so that he was able to understand and obey the rules and regulations contained in the FMCSR.

49. Defendant TLC was negligent, and grossly negligent in:

   a. Hiring and/or contracting Banks to drive the tractor-trailer at issue;

   b. Training of Banks while driving the tractor-trailer;

   c. Failing to supervise Banks while driving the tractor-trailer;

   d. Failing to train Banks to properly drive the tractor-trailer

    e. Failing to train Banks to properly inspect the tractor-trailer

    f. Failing to train Banks to property maintain the tractor-trailer;

    g. Entrusting Banks with the tractor-trailer

    h. Retaining Banks to drive the tractor-trailer;

    i. Failing to conduct property and required checks on the background of their employee, agent and/or contractor, Banks; and

    j. Failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

50. Defendant TLC had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

51. Defendant TLC, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. The risks associated with unsafe drivers,

    b. The risks associated with failing to train drivers to obey the FMCSR,

    c. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

    d. The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,

    e. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,

    f. The risks associated with failing to have adequate risk management policies and procedures in place,

    g. Failing to ensure its routes could be driven within hours-of-service,

    h. Requiring drivers to meet unrealistic driving goals which Defendants FedEx and TLC knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations.

    i. Failing to have policies and procedures in place to identify undertrained and unqualified drivers.

    j. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Banks once he was hired.

    k. Failing to implement and follow written safety plan.

    l. Failing to protect the members of the public, such as the Plaintiffs, from the risks described above.

    m. Failing to use the composite knowledge reasonably available to Defendants FedEx and TLC were to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

    n. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks above.

52. The negligence of Defendant TLC was a proximate cause of the injuries sustained by Alexa Proulx.

53. As a result of the negligence of Defendant TLC, Alexa Proulx suffered serious injuries affecting her activities of normal daily living.

54. As a result of the negligence of Defendant TLC, Alexa Proulx is entitled to recover damages for her past, present and future pain and suffering, past present and future medical expenses, permanent scarring, and past present and future loss of income and other economic and non-economic loss.

## COUNT III – NEGLIGENCE OF FEDEX:
## NEGLIGENT HIRING, ENTRUSTMENT, SUPERVISION RETENTION AND MAINTENANCE

55. All preceding statements and allegations of Plaintiffs' complaint is incorporated and realleged as if expressly set forth herein.

56. Defendant FedEx was at all relevant times acting as a Motor Carrier.

57. Defendant Banks was at all times a statutory employee of FedEx.

58. Defendant FedEx was negligent in hiring and/or contracting with Defendant TLC to haul the trailer at issue.

59. Defendant FedEx was negligent in entrusting its trailer to Defendant TLC and Banks when it knew or should have known the Defendant Banks was unfit.

60. Defendant FedEx was negligent in retaining Defendant TLC to use the trailer at issue when it knew or should have known that Defendant TLC was unfit.

61. Defendant FedEx failed to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant TLC.

62. Defendant FedEx failed to supervise its employee, agent and/or contractor, Defendant TLC and Banks.

63. Defendant FedEx was negligent in their failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving commercial vehicles interstate/intrastate.

11

64. Defendant FedEx was negligent in their failure to properly maintain the trailer involved in the collision.

65. Defendant FedEx had a duty to promulgate and enforce rules and regulations to ensure the companies it used to haul its trailers were reasonable safe, and negligently failed to do so.

66. Defendants TLC and FedEx were acting in concert, for mutual profit, and in a joint enterprise.

67. The negligence of Defendant FedEx was a proximate cause of the injuries sustained by Alexa Proulx.

68. As a result of Defendant FedEx's negligence, Alexa Proulx suffered serious injuries affecting her activities of normal daily living.

69. As a result of Defendant FedEx's negligence, Alexa Proulx is entitled to recover damages for her past, present, and future pain and suffering, past, present and future medical expenses, permanent scarring, and past, present and future loss of income, and other economic and non-economic loss.

## COUNT IV-NEGLIGENCE OF JARED PARKS

70. All preceding statements and allegations of Plaintiff's complaint is incorporated herein and realleged as if expressly set forth herein.

71. At the time of the collision, Defendant Parks failed to exercise due care in operating his motorcycle while carrying his passenger, Alexa Proulx.

72. Defendant Parks' negligence was a proximate cause of the collision with the FedEx tractor that resulted in damages and injuries to Alexa Proulx.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

73. The injuries and damages sustained by Alexa Proulx as a result of the negligence of Defendants include but, are not limited to the following:

   a. Past, present and future medical expenses;

   b. Past and future loss of earning capacity;

   c. Past and future pain and suffering;

   d. Past and future mental anguish, psychological and emotional injuries;

   e. Permanent injuries, scarring and disability; and

   f. All other injuries and damages to be proven at the trial of this matter.

## PUNITIVE DAMAGES

74. In addition to the compensatory damages for actual losses and damages sustained, Alexa Proulx should be awarded punitive damages to punish the FedEx Defendants for their actions and to deter others from similar conduct. The FedEx Defendants knew or should have known that their conduct would naturally and probably result in injury to others using the roadway. Notwithstanding such knowledge, Defendants acted in a manner constituting gross negligence evidencing a willful, wanton or reckless disregard for the safety of others.

## AD DAMNUM

75. As a result of the above noted claims, Alexa Proulx seeks Judgment against the Defendants in an amount sufficient to compensate her for:

   a. Her pain and suffering, past, present and future;

   b. Her medical expenses incurred to date as well as for those which will be incurred in the future;

c. Her lost wages incurred, including future lost wages and loss of ability to earn income;

d. Permanent scarring;

e. Such other economic and non-economic losses as may be shown at the trial of this matter;

f. Interest from the date of loss to the date of trial, post judgment interest;

g. All costs in this cause accruing.

h. Attorneys' fees; and

i. Punitive damages or exemplary damages in an amount necessary to deter conduct of the nature described in the future.

Respectfully submitted, this the 23rd day of November 2020.

PLAINTIFF, CELESTE M. PROULX,
CONSERVATOR OF ALEXA PROULX,
WARD

BY: /s/David Baria
David Baria, MS Bar No. 8646

OF COUNSEL:

Cosmich, Simmons & Brown, PLLC
One Eastover Center
100 Vision Drive, Suite 200 (39211)
Post Office Box 22626
Jackson, Mississippi 39225-2626
T: 601-863-2100
F: 601-863-0078
E: david.baria@cs-law.com

14